IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TIMOTHY M. BUNNEY,           )
                             )
    Plaintiff,              )
                             )
vs.                          )     Case No.  CIV-14-820-R
                             )
CAROLYN W. COLVIN, acting    )
Commissioner Social Security )
Administration,              )
                             )
    Defendant.              )

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner (Commissioner) issued a final decision denying Timothy Bunney's (Plaintiff) application for disability insurance benefits under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g).  United States District Court Judge David L. Russell referred the matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge.  The undersigned has reviewed the pleadings, the administrative record (AR), and the parties' briefs, and recommends that the court affirm the Commissioner's decision.

### I.    Administrative proceedings.

Plaintiff applied for disability insurance benefits alleging that he became disabled on January 1, 2008.  AR 155.  The Social Security

Administration (SSA) denied Plaintiff's claim, and at his request, an ALJ conducted a hearing. *Id.* at 24-68. At the hearing, Plaintiff amended his alleged disability onset date to September 18, 2009. *Id.* at 28. In his March 2013 decision, the ALJ found that Plaintiff was not disabled from September 18, 2009, through December 31, 2012, the date his insured status expired. *Id.* at 18. After the ALJ issued his opinion, Plaintiff submitted additional evidence; the SSA Appeals Council declined Plaintiff's request for review. *Id.* at 1-4. Plaintiff now seeks review in this Court. Doc. 1.

## II. The ALJ's findings.

Following the well-established five-step inquiry to determine whether a claimant is disabled, *see* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps), the ALJ found that Plaintiff: (1) met the insured status requirements through December 31, 2012; (2) had not engaged in substantial gainful activity between September 18, 2009, and December 31, 2012; and (3) has severe "gout; degenerative disc disease; degenerative joint disease; and obesity[.]"[1] AR 12. The ALJ then found that Plaintiff: (1) had the RFC to perform light work with several exertional limitations, *id.* at 14, and (2) could perform

---

[1] Unless otherwise indicated, all quotations are reprinted verbatim.

other jobs existing in significant numbers in the national economy. *Id.* at 17-18.

## III. Plaintiff's claims.

Plaintiff challenges the Commissioner's decision to deny him benefits on three grounds. First, he alleges that "[a]llowing for two slight modifications," he is disabled under the SSA's Program Operation's Manual System (POMS) DI 25010.001(B). Doc. 8, at 5-7. Second, Plaintiff argues that because the ALJ could not examine the additional evidence, he did not follow the "treating physician" rule. Plaintiff believes that remand is necessary to allow the ALJ to review the evidence. *Id.* at 7-11. Third and finally, Plaintiff alleges that the ALJ erred in assessing his credibility. *Id.* at 11-13.

## IV. Analysis.

### A. Standard of review.

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). In reviewing the ALJ's opinion, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

**B. Plaintiff's alleged disability under POMS DI 25010.001(B)(3).**

Under SSA POMS DI 25010.001, a claimant with a "Lifetime Commitment" to arduous labor is considered disabled if he: (1) is not working at substantial gainful activity level; (2) had a "lifetime commitment (30 years or more) to a field of work that is unskilled, or is skilled or semi-skilled but with no transferable skills"; (3) can no longer perform his past work because of a severe impairment; (4) is "closely approaching retirement age (age 60 or older)"; and (5) has no more than a limited education. POMS DI 25010.001(B)(3), https://secure.ssa.gov/apps10/poms.nsf/lnx/0425010001 (last accessed April 27, 2015).[2]

Plaintiff alleges that with "slight modifications," he meets the above criteria. Specifically, he argues that if the SSA used the age-range for "closely approaching advanced age" as defined in 28 C.F.R. § 404.1563(d), rather than as defined in POMS DI 25010.001(B)(3), he would be "disabled." Doc. 8, at 6-7. He claims that the lack of age-category continuity between the two regulations is "arbitrary and capricious." *Id.* at 7. But Plaintiff misreads the POMS criteria. That is, POMS DI 25010.001(B)(3) does *not* define a

---

[2] "The POMS is a set of policies issued by the Administration to be used in processing claims. This court defers to the POMS provisions unless we determine they are arbitrary, capricious, or contrary to law." *Jaramillo v. Colvin*, 576 F. App'x 870, 875 n.3 (10th Cir. 2014) (quotation marks, internal bracket, and citations omitted).

claimant "closely approaching advanced age" (and otherwise meeting all the criteria) as disabled. Instead, the claimant must meet all the criteria and be "closely approaching *retirement* age," which is defined as age "60 and older" in *both* POMS DI 25010.001(B)(3) and 28 C.F.R. § 404.1563(e). POMS DI 25010.001(B)(3), https://secure.ssa.gov/apps10/poms.nsf/lnx/0425010001 (last accessed April 27, 2015); 28 C.F.R. § 404.1563(e). When the ALJ issued his decision, Plaintiff was only 53 years old. AR 17; *see also* Doc. 8, at 2. So, because Plaintiff was not "60 and older," he did not meet the criteria in POMS DI 25010.001(B)(3) and is not disabled under the policy.[3]

### C. Plaintiff's additional evidence.

The ALJ issued his opinion on March 22, 2013, AR 18, and Plaintiff submitted additional evidence on March 25, 2013. *Id.* at 498-504. Plaintiff believes that remand is necessary so the ALJ may apply the treating physician's rule to the evidence. Doc. 8, at 7-11. The undersigned disagrees.

When a claimant submits additional evidence after an ALJ has issued his or her opinion, it becomes the SSA Appeals Council's duty to consider the evidence if it is: "(a) new, (b) material, and (c) related to the period on or

---

[3] In his claim's second part, Plaintiff alleges that despite his high school education, he really has "no more than a limited education" as required in POMS DI 25010.001(B)(3). Doc. 8, at 6. But Plaintiff did not meet the age category criteria, so the undersigned elects not to address this second argument.

before the date of the ALJ's decision." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (internal bracket omitted). The court must remand the case only if the SSA Appeals Council – not the ALJ − fails to consider the evidence. *See id.* Plaintiff directs the court to no authority to support his theory that remand is required. The SSA Appeals Council considered Plaintiff's evidence. AR 4.[4] The Appeals Council made the new evidence part of the record and determined it did not serve as a basis for changing the ALJ's decision. *Id.* at 1, 4. Remand is not required so the ALJ may also consider Plaintiff's additional evidence under the treating physician rule.

D. **Plaintiff's credibility.**

The ALJ discussed the medical evidence and reiterated Plaintiff's testimony. *Id.* at 15-17. Ultimately, he found Plaintiff's allegations "not entirely credible." *Id.* at 15. Particularly, the ALJ stated:

---

[4] Although Plaintiff argues the merits of his additional evidence, Doc. 8, at 8-9, the undersigned agrees with the Commissioner that Plaintiff has articulated no argument that the SSA Appeals Council erred in *its* consideration of the evidence. *See* Doc. 10, at 9; *cf. Welch v. Colvin*, 566 F. App'x 691, 695-96 (10th Cir. 2014) (The court "may conclude the Appeals Council erred in denying review based on the new evidence only if the new evidence provides a basis for changing the ALJ's decision." (citing *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)). So, the undersigned has not addressed the matter. *See Tietjen v. Colvin*, 527 F. App'x 705, 709 (10th Cir. 2013) (holding that the court will consider waived all "unspecific, undeveloped, and unsupported" arguments); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) ("[P]erfunctory complaints fail to frame and develop an issue sufficient for judicial review.").

> [I] do[] not discount all of the claimant's complaints. In view of the degenerative changes in various joints he would, undoubtedly, have some pain. However, an individual does not have to be entirely pain free in order to have the residual functional capacity for work activity. The claimant's daily activities were/are consistent with the performance of light work. Given the objective medical evidence in the record, the [ALJ] finds that the claimant's [RFC] is reasonable, and that the claimant could have functioned within those limitations without experiencing significant exacerbation of his symptoms on and prior to December 31, 2012.

*Id.* at 17.

Plaintiff challenges this credibility determination, claiming that: (1) the ALJ relied on his "positive" testimony that he could perform daily activities without acknowledging his qualifying statements; (2) the weight of the evidence shows Plaintiff to be credible; and (3) the ALJ failed to properly evaluate all the relevant factors in assessing Plaintiff's credibility. Doc. 8, at 10-13. The ALJ conducted a proper assessment of Plaintiff's credibility.

### 1. The ALJ's duty to assess credibility.

Once an ALJ finds that a claimant has a pain-producing impairment, he must take the next step and assess the claimant's credibility. *See* 20 C.F.R. § 405.1529(c)(4). In addition to objective evidence, the ALJ may consider certain factors in evaluating a claimant's credibility, including the claimant's daily activities; the location, duration, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the

symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; any treatment other than medications the individual receives or has received for pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996); *Keyes-Zachary*, 695 F.3d at 1167.

### 2. The ALJ's reliance on Plaintiff's testimony.

Plaintiff first alleges that the ALJ improperly relied on Plaintiff's "positive" comments regarding his daily activities while ignoring his qualifying statements. Doc. 8, at 10-11. Specifically, Plaintiff alleges that the ALJ ignored Plaintiff's testimony he can perform some activities but sometimes "experiences sharp pain and just has to sit or lie down" and that he "might be 'down' for two or three days." *Id.*

An ALJ may not "pick and choose" among the record, ignoring evidence that does not support his position. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). However, it is equally understood that an ALJ is not "required to discuss every piece of evidence . . . ." *Id.* at 1207.

Here, the ALJ acknowledged Plaintiff's allegations of pain and physical limitations, finding :

> [Plaintiff] testified at the hearing that he cannot work because of pain in his ankles, knees, hips, right elbow and right wrist. He stated that he has bulging discs in his back and his hands swell. [Plaintiff] testified that he has gout in multiple joints and had a flare-up the weekend prior. He stated that he has bone spurs in his knees and ankles, and uses a cane about twice a month. [Plaintiff] testified that he can reach without difficulty and can reach overhead. He stated that he can bend over and touch his knees, but has difficulty squatting. [Plaintiff] testified that he can lift about 20 pounds; sit for 1-2 hours; and walk 100 feet, maybe more. He stated that he does the dishes, mops, sweeps, vacuums, makes the bed, does laundry, cooks, shops, watches television, reads the Bible, and grows vegetables. [Plaintiff] testified that he can use a tiller in his garden for about 10 minutes at a time. He stated that he only sleeps about 5 hours a night because of frequent urination and naps for about 30 minutes during the day.

AR 15. Finally, the ALJ stated that he "does not discount all of [Plaintiff's] complaints" and believes that Plaintiff "would, undoubtedly, have some pain." *Id.* at 17.

The ALJ relied on Plaintiff's ability to perform daily activities, and heard Plaintiff testify he can perform those activities but that sometimes he experienced sharp pain and needed to sit. *Id.* at 15-16, 56. Plaintiff also stated that if his feet "swell up," he "might be down two or three . . . days." *Id.* at 55. But Plaintiff did not make those qualifications in his Function Report – which the ALJ relied upon most heavily. *Id.* at 16 (citing repeatedly

9

to Exhibit 7E). In that report, Plaintiff stated that he: reads, watches television, prepares meals, naps, feeds his dog, takes short walks, and can do laundry, dishes, mow the lawn with a riding mower, shop for groceries, garden, fish, and go outside ten times daily. *Id.* at 221-24. The only things Plaintiff stated that he could not do included: lifting repeatedly and bending, walking, standing, kneeling, and climbing for "very long." *Id.* at 225. The ALJ acknowledged all this information in his credibility assessment. AR 15.

Applying common sense, the undersigned finds that the ALJ's references to Plaintiff's alleged cane use, difficulty squatting, limited walking span, limited sitting ability times, and need for naps all demonstrate that he understood and considered that Plaintiff's daily activities were limited in some fashion. So, because the ALJ did not pick and choose only the "positive" portions of Plaintiff's testimony, this challenge provides no grounds for reversal.

### 3. The weight of the evidence.

In his second credibility challenge, Plaintiff reiterates his subjective complaints and then claims that his use of pain medication and the "medical source statement" on pages (AR) 499-504 support his allegations. Doc. 8, at 10. Those page numbers refer to the additional evidence submitted to the SSA Appeals Council. AR 498-504. But the ALJ reviewed Plaintiff's

10

subjective complaints and acknowledged his use of pain medication. *Id.* at 15. And the SSA Appeals Council concluded that Plaintiff's additional evidence did not "provide a basis for changing the [ALJ's] decision." *Id.* at 2. So, everything Plaintiff relies upon was properly considered, and this Court cannot reweigh the evidence simply because Plaintiff does not concur with the ALJ's determination. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (holding it is not the court's province to "reweigh the evidence"); *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) ("Credibility determinations are peculiarly the province of the finder of fact . . . .").

### 4. The ALJ's consideration of the relevant factors.

Finally, Plaintiff alleges that the ALJ failed to consider all the necessary factors in assessing his credibility. Doc. 8, at 12. However, Plaintiff does not identify which factor the ALJ ignored, and the undersigned finds that the ALJ discussed Plaintiff's: daily activities, location and intensity of pain, aggravating symptoms, medications, treatments, and other measures used to alleviate pain. AR 15-17. This Court does not require technical perfection, *see Keyes-Zachary*, 695 F.3d at 1167, and there are no grounds for reversal in this skeletal argument.

## V. Recommendation and notice of right to object.

The undersigned recommends that the court affirm the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation no later than May 20, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 1st day of May, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE