# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY M. BUNNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14-820-R |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed this action seeking review of the decision of the Commissioner denying his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On May 1, 2015, Judge Mitchell issued a Report and Recommendation recommending that the decision of the Commissioner be affirmed. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff has made specific objection. The Court has conducted its review, and finds as follows.

Plaintiff presents two arguments in support of his objection. He first argues that the Commissioner erred because not all of the evidence was considered by the administrative law judge. Specifically, Plaintiff agues that because he submitted a statement from his treating physician that was not received by the administrative law judge until after the March 22,

2013 unfavorable decision, that remand is required.[1] The Appeals Council noted that it had considered the additional evidence. A.R. p. 1. The Council found that the information provided by Plaintiff provided no basis for changing the administrative law judge's decision. A.R. p. 2. Plaintiff argues that the case should be remanded solely because the administrative law judge did not have the opportunity to consider the March 19, 2013 statement completed by his treating physician. This, however, is not the requirement. Rather, as noted by Judge Mitchell, once the evidence is accepted by the Appeals Council it becomes part of the administrative record. The Appeals Council is not required to provide an extensive analysis of new evidence submitted by a claimant; it is sufficient for the Appeals Council to generally state that the new evidence does not warrant further review of the claim. *Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir.2006). As such, Plaintiff's argument, which the Court interprets as arguing solely that remand is required because there was new evidence not seen by the administrative law judge, lacks merit. Accordingly, the Report and Recommendation is adopted with regard to Plaintiff's contention that remand is required

---

[1]Neither the Commissioner nor the Magistrate Judge read the Plaintiff's Opening Brief as including an argument that the Commissioner's decisions was not supported by substantial evidence because the new evidence was accepted by the Appeals Council but not discussed. Rather, both interpreted Plaintiff as arguing that remand was automatically required by the acceptance of new evidence. "As the ALJ did not review the Treating Physician's medical source statement remand is required to give Mr. Bunney an opportunity to have his full medical record reviewed by the fact finder as this probative evidence proves the underlying fact concerning his disability." Plaintiff's Opening Brief, p. 8. "In this case, due to the fact that the medical source statement was not seen by the ALJ the proper procedure was not followed." Plaintiff's Opening Brief, p. 10. Plaintiff did not file a reply brief to clarify his argument, even when faced with the argument by Defendant that he had "waived the argument that Dr. Hubbard's opinion would have changed the ALJ's decision." Doc. 10, p. 9. The Court similarly does not interpret his objection as extending beyond the argument as framed by the Defendant and the Magistrate Judge.

solely because the administrative law judge did not have access to the March 2013 treating physician evidence.

Plaintiff's second objection to the Report and Recommendation focuses on the administrative law judge's assessment of his residual functional capacity, specifically as it relates to Plaintiff's credibility that he cannot work due to pain. The Court has reviewed the Report and Recommendation and Plaintiff's filings and finds no basis therein for rejecting the well-reasoned decision of the Magistrate Judge. As such, the Report and Recommendation is hereby ADOPTED in its entirety, and judgment shall be entered in favor of the Commissioner.

IT IS SO ORDERED this 26th day of May, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE